UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00135-GNS-HBB

NONA S.                                                                                                  PLAINTIFF

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security Administration[1]                                  DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Objection (DN 17) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 16). The matter is ripe for adjudication.

### I.    BACKGROUND

On July 4, 2021, Plaintiff Nona S.[2] ("Plaintiff") protectively filed a claim for disability insurance benefits for disability beginning on March 1, 2017, due to bipolar disorder, depression, and attention deficit disorder. (Administrative R. 17, 59, 64, 165-69, 187, DN 6 [hereinafter R.]). The application was denied at the initial and reconsideration stages. (R. at 17, 58, 69). Thereafter, Plaintiff was granted a hearing before Administrative Law Judge Jeffrey L. Eastham ("ALJ"), which was held telephonically on September 8, 2022. (R. at 17, 34).

---

[1] On December 20, 2023, Martin J. O'Malley ("O'Malley") was sworn in as Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1), O'Malley is substituted for his predecessor, Kilolo Kijakazi, as the proper defendant in this action. *See* Fed. R. Civ. P. 25(d) (a public officer's successor is automatically substituted as a party).
[2] Pursuant to General Order 22-05, Plaintiff's name in this matter is shortened to first name and last initial.

1

On September 21, 2022, the ALJ issued an unfavorable decision, utilizing the five-step sequential process. (R. at 19-27). First, the ALJ noted that Plaintiff met the insured status requirement through June 30, 2021, and had not engaged in any substantial gainful activity since the alleged onset date of March 1, 2017. (R. at 19). Next, the ALJ opined that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, anxiety, depression, bipolar disorder, attention deficit disorder, and migraines. (R. at 19). The ALJ found that that Plaintiff's conditions of gastroesophageal reflux disease, hypertension, carpal tunnel syndrome, and fibromyalgia were non-severe impairments. (R. at 19-20). At the third step, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the impairments listed in Appendix 1. (R. at 20-21).

At the fourth step, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined by 20 C.F.R. § 404.1567(c) subject to the limitations of: (i) frequently reaching, handling, fingering, and feeling bilaterally; (ii) never climbing ladders, ropes, or scaffolds; (iii) avoiding frequent concentrated exposure to extreme cold and vibrations; (iv) never working at unprotected heights, with dangerous requirement, or operating a motorized vehicle as a work requirement; (v) not working in a work environment louder than a moderate noise level; (vi) not engaging in fast-paced production rate work like hourly quotas or conveyer-belt-paced work; (vii) performing simple, goal-oriented tasks with simple instructions; (viii) engaging in work that is more individualized rather than requiring collaborative or teamwork effort; (ix) having occasionally work-related contact with supervisors, coworkers, and the public; and (x) tolerating occasional changes to the workplace setting which are introduced gradually. (R. at 22-25). The ALJ also found that she is unable to perform any past relevant work. (R. at 25). Finally, after considering Plaintiff's RFC, age, education, and past work experience, the

ALJ found that there are jobs existing in significant numbers in the national economy which Plaintiff could perform. (R. at 25-26). As a result, the ALJ determined that Plaintiff was not disabled from the alleged onset date of March 1, 2017, through June 30, 2021, which was the last date she was insured. (R. at 27).

Plaintiff requested and was denied review by the Appeals Council. (R. at 1-3, 162-64). On October 16, 2024, Plaintiff initiated an action in this Court challenging the Commissioner's decision. (Compl., DN 1); *see* 42 U.S.C. § 405(g). Upon referral, the Magistrate Judge issued a Report and Recommendation ("R. & R.") that the ALJ's decision should be affirmed. (R. & R., DN 16). Plaintiff timely objected, and the Commissioner responded to the objection. (Pl.'s Obj., DN 17; Def.'s Resp. Pl.'s Obj., DN 18).

## II.      JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.     STANDARD OF REVIEW

The Federal Magistrates Act allows the designation of magistrate judges to issue "proposed findings of fact and recommendations for the disposition . . . ." 28 U.S.C. § 636(b)(1)(B). Following the filing of the recommendation, each party may object within fourteen days. *See id.* § 636(b)(1). The objected parts of the report are reviewed by the district judge, who is free to accept, reject, or modify any findings or recommendations *de novo*. *See id.*; *see* Fed. R. Civ. P. 72(b). This differs from the standard for the ALJ's decision, which is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to

3

proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Substantial evidence is such that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility but may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff contends that Magistrate Judge erred in finding the ALJ's decision was proper when there was a lack medical opinion evidence in the record to support the ALJ's RFC determination. (Pl.'s Obj. 1-3). In the R. & R., the Magistrate Judge reviewed the ALJ's decision and found the decision was consistent with the evidence and the law. (R. & R. 9-13).

As a sister court has noted, "[t]he ALJ retains discretion to impose work-related limitations without a proper source opinion where "the medical evidence shows 'relatively little physical impairment' and an ALJ 'can render a commonsense judgment about functional capacity.'" *Kizys v. Comm'r of Soc. Sec.*, No. 3:10 CV 25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio

4

2008)). The R. & R. noted that ALJ provided explanations as to the limitations resulting from Plaintiff's physical and mental impairments: (i) degenerative disc disease and non-severe carpal tunnel syndrome; (ii) migraine headaches; and (iii) mental impairments without any evidence of suicidal ideation during the relevant period considered. (R. & R. 12-13 (citing R. at 23-25)). The Magistrate Judge also noted that the non-examining state agency consultant and the non-examining state agency psychological consultant both reviewed Exhibits 1F, 2F, 3F, and 4F, but did not assign any specific mental limitations due to a lack of sufficient evidence. (R. & R. 13). In addition, while a 2016 MRI reflected mild multi-level degenerative disc disease of the cervical spine, it was apparently not sufficient to warrant review by the non-examining state agency medical consultant during either the initial or reconsideration level. (R& R. 13).

As the Commissioner notes, there is significant evidence in the record to support the ALJ's determination. (Def.'s Resp. Pl.'s Obj. 3-4 (citing R. at 408, 419, 421, 424, 429, 434, 439, 444)). Plaintiff was able to improve her headaches by altering her surroundings and taking medication. (Def.'s Resp. Pl.'s Obj. 3 (citing R. at 408, 419, 421, 424, 429, 434, 439, 444)). She was also to engage in various activities like babysitting her young grandchildren, transporting those grandchildren to and from school, shopping, and attending family events. (Def.'s Resp. Pl.'s Obj. 3 (citing R. at 44-46, 49, 260)). As to Plaintiff's depression, she had reported that her symptoms had decreased and that her mood had stabilized. (Def.'s Resp. Pl.'s Obj. 4 (citing R. at 39-40, 47)). Her doctor noted that the depression was "well managed" and that counseling and medication had made the condition "significantly better." (Def.'s Resp. Pl.'s Obj. 4 (citing R. at 337, 339, 360, 362, 378)).

In her objection, Plaintiff relies on the decision in *Epps v. Commissioner of Social Security*, No. 23-CV-01462-BMB, 2024 WL 3184466 (N.D. Ohio June 4, 2024). (Pl.'s Obj. 2-

3). *Epps*, however, is inapposite because of the difference of the record evidence in the two cases. In *Epps*, there was evidence of a serious physical impairment, which precluded the ALJ from making a commonsense determination of the claimant's RC without an assessment by a doctor. *See Epps*, 2024 WL 3184466, at *10. In contrast, the record here reflects there was sufficient evidence to support the ALJ's determination that Plaintiff had relatively little physical and mental impairment, and the R. & R. did not err in this regard. Plaintiff's objection is overruled.

    **B.**   **Plaintiff's Second Objection**

Plaintiff also asserts that the Magistrate Judge erred in not finding that the ALJ impermissibly relied on raw medical data to support the RFC determination. (Pl.'s Obj. 3-4). According to Plaintiff:

> The ALJ in the case at bar did not elicit medical expert testimony; he opted not to obtain an assessment addressing the period at issue from a treating source; and he sought no medical input via interrogatories addressing limitations gleanable from the treatment records. All four of the State agency reviewing sources found that the record contained insufficient evidence to determine a mental or physical RFC.

(Pl.'s Obj. 3 (internal citation omitted) (citation omitted)).

While Plaintiff characterizes the R. & R. as improperly interpreting raw data, the R. & R. explains why that is inaccurate. (Pl.'s Obj. 3-4). As the Magistrate Judge explained:

> As is common in these cases, the administration received additional evidence after the state agency psychological consultants reviewed the record and rendered their opinions. *See Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009). Specifically, Plaintiff's counsel submitted medical records from the Logan Family Practice that addressed the treatment Plaintiff received—from June 14, 2016 through April 9, 2021—for a broad range of ailments which included sinus infections, an earache, a stomach bug, pneumonia, fibromyalgia, migraine headaches, joint swelling, low back pain, anxiety, and depression (Tr. 365-509). The treating source at the Logan Family Practice did not express—in the treatment notes or a separate report—any opinions concerning short- or long-term mental or physical limitations imposed by Plaintiff's impairments (*Id.*). Substantial evidence in the record supports the ALJ's conclusion that the medical

> evidence in the record showed relatively little physical and mental impairment (Tr. 23-25). The ALJ did not inappropriately play doctor but instead weighed the evidence—including Plaintiff's subjective statements—and gave Plaintiff the benefit of the doubt by deciding to impose slightly greater physical and mental limitations than what the treatment records alone would have warranted. Plaintiff has not demonstrated that the subsequently received evidence fatally undermines the accuracy of the ALJ's RFC findings. Moreover, the ALJ's imposition of these greater limitations ultimately benefited Plaintiff and cannot constitute error.

(R. & R. 13-14). As a sister court has noted, "it [is] reasonable for the ALJ to review the record as a whole—including the records post-dating the opinion evidence—and determine Plaintiff was somewhat more limited than the State agency physicians opined, but not completely disabled." *Van Pelt v. Comm'r of Soc. Sec.*, No. 1:19 CV 2844, 2020 WL 7769729, at *13 (N.D. Ohio Dec. 30, 2020). Thus, Plaintiff's argument lacks merit.

To the extent the Plaintiff's objection invites the Court to reweigh the evidence and substitute its judgment for the ALJ, it is improper. *See Mullins v. Sec'y of Health & Hum. Servs.*, 836 F.2d 980, 984 (6th Cir. 1987) ("Claimant's argument rests solely on the weight to be given opposing medical opinions, which is clearly not a basis for our setting aside the ALJ's factual findings."). Weighing evidence and assessing credibility are an ALJ's responsibility. *See Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019) (citing *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)).

Plaintiff has failed to meet her burden of showing that the ALJ's decision was not supported by substantial evidence. Her second objection is also overruled.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 16) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, Plaintiff's Objection (DN 17) is **OVERRULED**, and the

7

8

decision of the Commissioner is **AFFIRMED**.  The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

November 4, 2024

cc: counsel of record